IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES THOMPSON, #A0131160, | CIV. NO. 19-00339 JMS-KJM |
| Petitioner, | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| ATTORNEY GENERAL OF THE STATE OF HAWAII, | |
| Respondent, | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Petitioner James Thompson's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. Thompson challenges his judgment of conviction and sentence in *State v. Thompson*, Cr. No. 97-1-02401 (Haw. 1st Cir. 2017), entered in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii. *See id.*; *see also* https://jimspss1.courts.state.hi.us (1PC97002401) (7/1/2019) (last visited July 10, 2019).

Because it plainly appears from the face of the Petition that Thompson's claims are unexhausted, the Petition and this action are DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts. Any request for a certificate of appealability is DENIED.

## I. BACKGROUND[1]

Thompson challenges the new judgment of conviction and sentence entered in Cr. No. 97-1-02401 on April 28, 2017, following his successful federal challenge to his original sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Thompson v. Thomas*, Civ. No. 08-00218 SOM-KSC (D. Haw. Aug. 29, 2012) (Order Granting in Part Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody). Thompson was originally sentenced to nine life terms with the possibility of parole, two twenty-year sentences, eight ten-year sentences, each to run concurrently. *See State v. Thompson*, CAAP-17-0000427 (Haw. Ct. App. Sept. 26, 2018) (mem. op.). The circuit court resentenced Thompson to: (1) twenty years for Counts 1-4, 6, 14, and 19; (2) twenty years for Counts 7 and 8; (3) five years for Counts 9-11, 15-17, 20 and 21; (4) ten years for Counts 12 and 22; and (5) one year for Count 13. Certain

---

[1] The court takes judicial notice of Thompson's previous federal petition and his pending state court direct appeal and post-conviction proceedings. *See* Fed. R. Evid. 201 (allowing judicial notice of facts that are generally known within the court's territorial jurisdiction or can be readily determined from sources whose accuracy cannot reasonably be questioned); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding court may take notice of proceedings in other federal or state courts "if those proceedings have a direct relation to matters at issue") (citation and quotation marks omitted).

of these sentences were ordered to run concurrently and others to run consecutively, resulting in a total term of sixty-one years imprisonment. *See id.*, at 4-5.

Thompson appealed the circuit court's order of conviction upon resentencing, arguing that the imposition of consecutive terms resulted in his receiving a more severe sentence than his original conviction, in violation of state law.[2] *See* Pet., ECF No. 1, at PageID #5. State court records show that the Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court's judgment on resentencing on September 26, 2018. *See* CAAP-17-0000427: https://jimspss1.courts.state.hi.us. On January 31, 2019, the Hawaii Supreme Court accepted Thompson's application for writ of certiorari. *See id.*, No. SCWC-17-0000427. On April 24, 2019, oral argument was held, but no opinion has been entered and the matter remains pending on direct appeal.

On May 14, 2019, Thompson filed in the state circuit court a Petition to Vacate, Set Aside, or Correct Judgment, or to Release Petitioner From Custody pursuant to Hawaii Rules of Penal Procedure ("HRPP") 40 ("Rule 40 Petition").

---

[2] In this appeal, Thompson argued that imposing consecutive terms violated Hawaii Revised Statutes ("HRS") §§ 706-606 (2014) and 706-609 (2014). It does not appear that he challenged his consecutive terms as unconstitutional under federal law. *See* CAAP-17-0000427.

3

*See* Pet., ECF No. 1, at PageID #4; 1PR191000009: http://hoohiki.courts.hawaii.gov/. Thompson argued five bases for relief: (1) "Brady violation;" (2) "Prosecutorial misconduct First Trial;" (3) "Judicial misconduct First trial;" (4) "Ineffective assistance of trial counsel, last trial;" and (5) "Ineffective assistance of appeal attorney." Pet., ECF No. 1, at PageID #4. Thompson states that this post-conviction petition remains pending, although state court records show that the circuit court dismissed the Rule 40 Petition on June 17, 2019.[3] *See* 1PR191000009. Thompson has not yet filed a notice of appeal of this dismissal.

In the present Petition, Thompson raises six grounds for relief: (1) "Brady violation/Due process violation;" (2) "Prosecutorial misconduct of my first Trial;" (3) "Judicial misconduct of my first trial;" (4) "Prosecutorial Misconduct of my Fourth Trial;"[4] (5) "Ineffective assistance of trial counsel in my last trial;" and (6) "Ineffective assistance of appeal attorney." Pet., ECF No. 1, at PageID #5-#20.

## II. LEGAL STANDARDS

The court must screen all actions brought by prisoners who seek any form of relief from a governmental entity or officer or employee of a governmental entity,

---

[3] Thompson signed the instant Petition on June 19, 2019, and may have been unaware of the circuit court's decision when he mailed the Petition to this court.

[4] Thompson states, "[t]his ground has not been raised in any state court yet. I just thought of it after filing my rule 40 on 5/17/2019. I didn't want any time limitations to expire on this issue, so I'm asking you to consider it." Pet., ECF No. 1, at PageID #10.

4

including habeas relief. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) requires the court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[5] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Proper exhaustion requires that the petitioner's contentions be fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest state court with authority to review them, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented. *See Rose*, 455 U.S. at 518.

A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. *See Granberry v. Greer*, 481 U.S. 129, 134-35

---

[5] A habeas petition "shall not be granted unless it appears that—[¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

(1987); *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g.*, *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); *Rollins v. Superior Court*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). A dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and does not bar a petitioner from returning to federal court after exhaustion of state remedies.

## III. DISCUSSION

Thompson affirmatively states that he is currently on direct appeal of his new conviction and sentence, that five of his six grounds for relief are pending review in a state post-conviction proceeding, and that one ground for relief has never been presented to any state court. Thus, Thompson admits that he has failed to exhaust any of his claims. He explains that he filed this Petition to prevent running afoul of the one-year statute of limitation that governs petitions for writ of habeas corpus in the federal courts. *See* 28 U.S.C. § 2244(d)(1).

Because the state courts are still in the process of reviewing Thompson's conviction, however, this Petition is premature. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his

appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) (stating, a "habeas petition, filed while [petitioner's] state appeal was pending, is premature"); *Black v. McCormick*, 914 F.2d 261 (9th Cir. 1990) (unpub.) ("[B]oth comity and efficiency counsel that federal courts should not interfere when a pending state appeal may resolve the entire issue. Should petitioner lose his appeal and exhaust all other state remedies, he will be able then to petition the federal court for relief."). This is true "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, [because] that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Sherwood*, 716 F.3d at 634 (citing *Carden v. Montana*, 626 F.2d 82 (9th Cir. 1980)).

A federal court must dismiss a habeas petition if all of its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Rose*, 455 U.S. at 510. And, although a federal court may stay and abey a mixed petition while its unexhausted issues are presented to the state court, *see Rhines v. Weber*, 544 U.S.

269, 277-78 (2005), there is no basis for staying a fully unexhausted petition. The statute of limitation on Thompson's claims has not even begun to run and he may not file a preemptive habeas petition to preclude the later possibility of failing to comply with the procedural rules governing habeas petitions in the federal court.

Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because Thompson's Petition is wholly and admittedly unexhausted, the Petition and this action are DISMISSED without prejudice to Thompson pursuing a federal challenge to the revocation of his probation *after* his claims are exhausted in the state courts.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant. *See also*, Fed. R. App. P. 22(b). Reasonable jurists would not find the dismissal of Thompson's Petition as unexhausted as debatable or wrong. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## V. CONCLUSION

(1) Thompson's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED as unexhausted. This dismissal is without leave to amend in this action, but without prejudice to raising these claims after they have been fully exhausted in the state courts.

(2) Any certificate of appealability is DENIED.

(3) The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Thompson v. Hawaii*, 1:19 cv 00339 jms; hab '19 (dsm unexh)